UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE | : | BANKRUPTCY NO. 06-10077 |
| | : | CHAPTER 7 |
| MICHAEL SOLOMAN WANSOR, | : | |
| DEBTOR | : | |
| | : | |
| MICHAEL SOLOMAN WANSOR, | : | DOCUMENT NO. 15 |
| Movant | : | |
| vs. | : | |
| FIRST PLACE BANK, Respondent | : | |

APPEARANCES:

SUSAN F. REITER, ESQ., ERIE, PA, ATTORNEY FOR FIRST PLACE BANK
PAUL W. JOHNSON, ESQ., NEW CASTLE, PA, ATTORNEY FOR MICHAEL SOLOMAN WANSOR

WARREN W. BENTZ, U.S. BANKRUPTCY JUDGE

JULY   25   , 2006

OPINION

Factual Background

Michael Soloman Wansor ("Debtor") filed a voluntary Petition under Chapter 7 of the Bankruptcy Code on January 31, 2006. The Debtor's wife did not join in the Petition. Before the Court is the Debtor's Motion to Avoid Liens. The facts are not in dispute.

First Place Bank (the "Bank") filed three judgments against the Debtor. The judgments were based upon the Debtor's personal guaranty of obligations owed to the Bank by Clark Building Systems, Inc. The judgments are not against the Debtor's wife. The first two judgments entered on April 11, 2006 were in the amounts of $55,039.11 and $45,845.10. The third judgment was entered on December 1, 2005 in the amount of $630,974.56. The total amount of the judgments is $731,858.77. On the dates that the judgments were entered and

1

continuing until the present time, the Debtor owns one parcel of residential real property jointly with his wife as tenants by the entireties (the "Property"). There are no other liens on the Property.

Debtor has elected state law exemptions pursuant to 11 U.S.C. §522(b)(3)[1] and claims the Property as exempt as property that is owned as a tenant by the entirety. Debtor seeks to avoid the judicial liens of the Bank pursuant to §522(f) asserting that entireties property is 100% exempt and that the Bank's judicial liens impair the entireties exemption and is thus avoidable. The Bank opposes the Motion. It asserts that the judgments did not create liens on an interest of the Debtor in property and therefore, there are no liens to avoid and the Debtor's Motion must be denied.

## Discussion

Liens on exempt property may be avoided under §522(f)(1)(A) which provides that a debtor may "avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section if such lien is – (A) a judicial lien. . . ." 11 U.S.C. §522(f)(1)(A). In order to be avoidable, each of four requirements must be satisfied:

    1. The lien must be a judicial lien;
    2. The lien must have fixed on an interest of the debtor in property;
    3. The debtor claims and is entitled to exempt that property interest under Section 522(b); and
    4. The lien impairs the exemption.

---

[1] All references to Code sections are to Title 11 of the United States Code as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.

In re Tolson, 338 BR 359 (Bankr. CD IL 2005)

    The sole issue in the instant matter is whether a judgment against only one tenant by the entirety creates a lien on that tenant's interest in entireties property.  Section 522(f) "requires a debtor to have possessed an interest to which a lien attached, before it attached, to avoid the fixing of the lien on that interest."  Farrey v. Sanderfoot, 500 US 291, 301, 111 S.Ct. 1825, 1831 (1991).

> The statute does not say that the debtor may undo a lien on an interest in property. Rather, the statute expressly states that the debtor may avoid "the fixing" of a lien on the debtor's interest in property.  The gerund "fixing" refers to a temporal event.  That event – the fastening of a liability – presupposes an object onto which the liability can fasten.  The statute defines this pre-existing object as "an interest of the debtor in property."  Therefore, unless the debtor had the property interest to which the lien attached at some point before the lien attached to that interest, he or she cannot avoid the fixing of the lien under the terms of §522(f)(1).

Id., 500 US at 296, 111 S.Ct. at 1829 (footnote omitted).

    There are two views as to the issue of whether a recorded judgment against only one tenant by the entireties creates a lien on that tenant's interest in entireties property.  One view is that because there is nothing that a creditor of one of the tenants by the entireties can seize or sell under an execution upon the judgment, there can be no lien.  See In re Tolson, 338 BR 359, 366 (Bankr. CD IL 2005) (and cases cited therein).  "[T]he alternative view that a lien arises is supported by almost century old cases, rendered at a time when the nature of the estate by entireties had long been settled."  Id. citing Beihl v. Martin, 236 PA 519, 84A.953 PA (1912).

    Under Farrey v. Sanderfoot, we look to state law to determine whether and when a debtor possesses an interest in property to which a lien can attach.

    We direct our attention to two long-standing decisions of the Pennsylvania Supreme Court.  In Fleek v. Zillhaver, 117 PA 213, 12A.420 PA (1887), a judgment was entered against a

husband only who owned real property jointly with his wife as tenants by the entireties. Subsequently, the husband and wife joined in a mortgage. After the wife died, the judgment creditor issued execution against the property. The issue before the court was whether the judgment lien or the mortgage lien had priority. The court determined that the judgment had priority, holding that the interest of husband and wife, where they hold by entireties, may be the subject of a lien, and that upon the death of either, the lien against the survivor may be enforced.

In Beihl v. Martin, 236 PA 519, 84A.953 PA (1912), the Supreme Court of Pennsylvania limited Fleek. In Beihl, a judgment was entered against a husband who owned property with his wife as tenants by the entireties. The spouses then sold the property to a third party. The purchaser brought an action to determine that his title was free of any contingent claims or encumbrances which could arise from the judgment against the husband. The court states:

> We start in the discussion with an admission which the case of Fleek v. Zillhaver, supra, compels, that the judgments here obtained against the husband were liens. But upon what? Certainly not upon the entirety that was in the husband, for the entirety of estate was in the wife equally with the husband, and, being in its nature indivisible, it would follow necessarily that any incumbrance upon the estate of the one would rest upon that of the other, a result which, of course, could not be justified or allowed, except as the inherent attributes of the estate are to be wholly disregarded. There remains to the husband a right of survivorship, by virtue of which, in case he survive the wife, while taking no estate, yet because the entirety in the wife is by her death extinguished, his entirety embraces every interest in the estate. Contingent though this ultimate divestitute (sic) be, the expectancy is nevertheless a vested interest, and as such may be the subject of lien. All possible titles, vested or contingent, in land, under our law, may be taken in execution and sold, provided it be a real interest, whether legal or equitable. 'Accordingly,' says Tilgman, C. J. in Carkhuff v. Anderson, 3 Bin. 4, 'it has been long settled that a judgment is a lien on every kind of equitable interest in lands. It is a lien on every kind of right vested in the debtor at the time of the judgment.' The right to such a lien is not dependent alone on statutory authority. At common law judgments were not liens upon land; but the lien resulted from lands being subjected by statute to be taken in execution, and from this right the land was held bound from the date of the judgment. Our statutes with respect to liens simply enlarge and extend them. It was this contingent expectant interest in the husband that was in

> contemplation when in [Fleek], this court held that the judgment against the
> husband acquired a lien at its inception.

Beihl, 236 PA 519, 526-27, 84A.953, 955-56.

The Court in Beihl went further to:

reach the conclusion that the lien on the expectant interest of the husband
becomes enforceable only when the expectancy ripens into a realized fact; then
execution is not upon an expectancy, but upon an actual existing estate.

Id. 236 PA at 528, 84A at 956.

The Court went on to describe the contingent nature of the lien:

Another unavoidable conclusion results, which must prove fatal to the appellant's
contention here. If the husband may not alien his right of expectancy, and if
because of this the expectancy may not be taken in execution–since in either case
it would be an appropriation of the wife's right of property, in that it would
deprive her of the right to sell with the husband's consent–for equal reason a
judgment operating as a lien upon the husband's expectancy would be an
interference with the wife's right of alienation with the consent of the husband,
except as that lien is divested by such sale. The owner of such lien must hold it
subject to its possible extinction in either of two events, the predecease of the
husband, or the alienation of the estate by the joint act of the parties. The
efficiency of the lien depends upon the nonhappening of either.

Id., 236 PA at 528-29, 84A at 956.

Other cases have described the interests of a holder of a judgment against one tenant in entireties property as a lien subject to possible extinction, C.I.T. Corp. v. Flint, 333 Pa. 350, 356, 5A.126, 129 PA (1939), an inchoate lien, Weir v. Taylor, 45 PA D&C 2d 197 (Pa. Com. Pl. 1967), a "potential" lien, Kleback v. Mellon Bank, N.A., 388 Pa. Super. 203, 208, 565 A.2d 448, 450 (Pa. Super. 1989), or a present but unenforceable lien, In re Hope, 77 BR 470, 475 (Bankr. ED PA 1987).

The Court of Appeals for the Third Circuit in Napotnik v. Equibank and Parkvale Savings Ass'n., 679 F2d 318, 319 (3d Cir. 1982) states:

5

> More to the point of this dispute, creditors of either spouse cannot acquire by judgment an enforceable lien on entirety property, or title therein by sale or executing. Amadon v. Amadon, 359 Pa. 434, 59 A.2d 135 (1948). At most, a creditor of either spouse may obtain a presently unenforceable lien upon that spouse's expectancy of survivorship–a lien that becomes enforceable only when the other spouse dies.

Id.

"In Napotnik, it was unnecessary for the Court to be more precise because the creditor whose lien the debtor there sought to avoid held a judgment against both spouses." In re Hope, 77 BR 470, 472 (Bankr. ED PA 1987).

"The Napotnik Court, recognizing the uncertainty of the law in this respect, acknowledged that an inchoate lien may exist against a debtor-spouse." In re Bilinski, 1998 WL 721083 (ED PA Oct. 9, 1998) aff'd. without opinion, 213 F3d 628 (3d Cir. 2000).

> It is, of course, true that entireties property in Pennsylvania cannot be encumbered by a lien of a creditor of only one spouse. See Stop 35, Inc. v. Haines, 374 Pa.Super. 604, 543 A.2d 1133, 1135 (Pa.Super.1988). The bankruptcy court, however, did not contradict this black-letter doctrine. Instead, while acknowledging the existence of that hoary rule, thus making Mr. Block's lien presently unenforceable, the court looked ahead, holding that Mr. Block had an inchoate lien against Ms. Bilinski's right of survivorship in the property. In so holding, the bankruptcy judge relied heavily upon his reasoning in an earlier, unrelated case. In re Hope, 77 B.R. 470 (Bankr.E.D.Pa.1987), which reached the same conclusion. There, Judge Fox analyzed Pennsylvania caselaw (sic) as to whether a judgment against a debtor is a lien on the debtor's interest in real property held by the entireties. He concluded that a judgment creditor holds a present, but unenforceable, lien against one spouse's right of survivorship in property held by the entireties. Id. at 475.

In re Bilinski, 1998 WL 721083 at 3.

Section 101(37) of the Bankruptcy Code provides that "[t]he term 'lien' means a charge against or interest in property to secure payment of a debt or performance of an obligation." 11 U.S.C. §101(37). "The legislative history of §101(37) provides:

6

Paragraph (28) defines "lien." The definition is new and is very broad. A lien is defined as a charge against or interest in property to secure payment of a debt or performance of an obligation. It includes inchoate liens. HR Rep No. 595, 95th Cong, 1st Sess 312 (1977); S Rep No. 989, 95th Cong, 2d Sess 25 (1978) reprinted in 1978 U.S. Code Cong. & Admin. News 5787, 5810 & 6269.

The legislative history thus makes clear the term "lien" includes inchoate liens. Bilinski at 3.

There is no uncertainty under the Bankruptcy Code. Congress intended to extend the term "lien" so that any interest that the Debtor had in property that could be claimed as exempt is protected from the effects of a judgment lien.

The Bank has at least an inchoate lien. In accordance with the above authorities, we conclude that the Bank has a lien on the Debtor's interest in entireties property which impairs the Debtor's exemption. The Debtor's Motion to Avoid Liens will be sustained. An appropriate Order will be entered.

                                                     /s/
                                     Warren W. Bentz
                                     United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE | : | BANKRUPTCY NO. 06-10077 |
| | : | CHAPTER 7 |
| MICHAEL SOLOMAN WANSOR, | : | |
| DEBTOR | : | |
| | : | |
| MICHAEL SOLOMAN WANSOR, | : | DOCUMENT NO. 15 |
| Movant | : | |
| vs. | : | |
| FIRST PLACE BANK, Respondent | : | |

## ORDER

This ___25___ day of July, 2006, in accordance with the accompanying Opinion, it shall be, and hereby is, ORDERED that the lien of the judgments filed in favor of First Place Bank and against Michael Soloman Wansor at Civil Docket No. 2005-01080 and Civil Docket No. 2005-01085 in Mercer County, Pennsylvania are avoided.

```
                              /s/
                      Warren W. Bentz
                      United States Bankruptcy Judge
```

c: Susan F. Reiter, Esq.
Paul W. Johnson, Esq.